(No. 3870—

JOE BRANNON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1946.*

RAY E. WESNER, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

On November 18, 1943 claimant, Joe Brannon, was an employee of the respondent in the Department of Public Works and · Buildings. While ·working with a group of employees, on State Bond Issue Route Number 1 in Lawrence County, Illinois, moving an air compressor, the rear wheel of the compressor rolled onto

his right foot, fracturing the bones forming the arch of the foot. He was taken immediately to Dr. Tom Kirkwood, at Lawrenceville, Illinois, for first aid, and was then transferred to the Palestine Clinic.

Dr. Kirkwood reported to the respondent that claimant had suffered a fracture or fracture dislocation at the joint between the tarsal bones and the first and second metatarsals of the right foot. Dr. J. A. Ikemire, in charge of the Palestine Clinic, after examination of claimant's foot, reported to the respondent as follows:

Fracture in the proximal ⅓ of the second metatarsus. Fracture in the distal ⅓ of the third and fourth metatarsus. Slight fragmentation of the lateral portion of the proximal head of the fifth metatarsus all on the right foot. Arranged foot in as near normal relations as possible and applied a loose fitting circular plaster cast to be changed as soon as swelling disappears. Permanent disability—a rather painful foot for sometime, but a useful foot.

Claimant remained under the care of Dr. Ikemire until March 7, 1944 when the doctor reported to respondent that claimant "should begin light work now". At that time Dr. Ikemire still was of the opinion that there would be no permanent disability. A month later, however, he reported to the respondent that the permanent disability "should not be much, if any."

At the time of the accident claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of the employment.

Claimant was first employed by the respondent on October 3, 1943, and at the time of his injury was earning $1.00 per hour. Eight hours constituted a normal working day, and employees of the respondent engaged in the same capacity and at the same rate as claimant

were employed less than 200 days a year. At the time of the accident claimant had no children under sixteen years of age dependent upon him for support. Claimant's compensation rate is therefore $17.63 per week.

Claimant was temporarily totally disabled from November 18, 1943 to March 7, 1944 and was paid compensation at the rate of $17.63 per week during that entire period, or the total sum of $277.05. Temporary compensation was terminated when claimant's physician reported that claimant was ready to return to work. Claim for further compensation for temporary disability must, therefore, be denied.

No claim is made for medical, hospital, or surgical services since all such services were paid for by the respondent. Claim, however, is made for total loss of use of claimant's right foot.

Claimant testified that his foot continues to trouble him; that if he uses it for any length of time the instep becomes very sore and he experiences sharp pains; that he is unable to use his foot steadily, and is unable to do the work which he did prior to the injury.

Dr. Marjory Ikemire, called as a witness on behalf of claimant, testified that she had examined claimant's right foot and found considerable permanent impairment of its use in any gainful occupation. She stated that the circulation of the right leg and foot showed definite impairment; that there was evidence of faulty weight bearing; that claimant's right foot, and half way up his right leg to the knee, remain purple most of the time. Dr. Ikemire also testified that the X-rays, which were admitted in evidence, showed the tarsal bones in an abnormal position, and also showed signs of osteo-porasis of the bones.

From the record, and from personal observation of

the claimant, the court is of the opinion that claimant has suffered a 50% permanent loss of use of his right foot. He is, therefore, entitled to the sum of $17.63 per week, for a period of 67½ weeks, or the total sum of $1,190.02, all of which is accrued and is payable forthwith.

An award is therefore entered in favor of the claimant for the total sum of $1,190.02.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."